NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Joseph ARUANNO,

    Plaintiff,

v.

Jon S. CORZINE, et al.,

    Defendants

Civ. No. 07-5270

OPINION & ORDER

THOMPSON, U.S.D.J.,

    This matter comes before the Court upon Defendants Jon S. Corzine, Richard Codey, and the new Jersey State Parole Board's (collectively "Defendants") Motion for Summary Judgment [17]. The motion has been considered based on the parties' submissions and without oral argument. For the reasons given below, the motion is GRANTED.

    Plaintiff complains that Defendants refused to consider his application for clemency, asserting violations of his due process rights under the Fourteenth Amendment. As the Court understands the Complaint and Amended Complaint, Plaintiff alleges that he has filed numerous petitions for clemency, none of which have ever been addressed. Plaintiff apparently also sent letters to the Governor's Office asking about the status of his application. At one or more times, the Governor's Office responded to Plaintiff's letters by informing him that they had no petition for clemency on file.

    Defendants have now moved for summary judgment in lieu of an answer. A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material act and that the

1

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party opposing summary judgment may not rest on allegations contained in the pleadings; he or she must set out specific facts that show there is a genuine issue for trial.  *Id.*, *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Clemency proceedings are not traditionally the province of the judiciary, and they are "rarely, if ever, appropriate subjects for judicial review." *Adult Parole Auth. v. Woodard*, 523 U.S. 272, 276 (1998) (quoting *Connectict Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464 (1981)).  However, minimal procedural safeguards do apply to clemency proceedings, so that the state may not deny a clemency application for no reason whatsoever or deny a prisoner access to the clemency process without reason.  *Id.* at 289 (O'Connor, J., concurring).

Summary judgment is proper in this case because there is no evidence that the state arbitrarily denied Plaintiff access to the clemency application process.  Defendants have produced evidence that they never received a parole application from Plaintiff.  (*See* Decl. of Carinne Rivers.)  Plaintiff has provided a letter (attached to his Complaint) he received from the Governor's Office in September 2007, which states that the office had no record of any clemency application. (Compl., Ex. A.)  This evidence is sufficient to support a finding that Plaintiff's due process rights were not violated.  In his opposition, Plaintiff fails to explain the substance of the factual dispute.  The Court gathers that Plaintiff is unhappy with the fact that his clemency petitions have not been successful.  However, Plaintiff does not explain the factual basis for his allegation that this violates his due process rights.  He provides no evidence to rebut the state's position, which is that Plaintiff never filed a complete clemency application with the Parole Board, as he was required to do under state law.

Since Plaintiff has failed to demonstrate that there is a genuine issue of fact for which a trial is necessary, summary judgment is proper.

## CONCLUSION

For the foregoing reasons, it is ORDERED, this 22nd day of December, 2009, that Defendants' Motion for Summary Judgment [17] is GRANTED; and

It is further ORDERED that Defendants Jon S. Corzine, Richard Codey, and the New Jersey State Parole Board are DISMISSED from this case.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
