UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH ARUANNO, | : | |
| Plaintiff, | : | Civil Action No. 07-5270 (AET) |
| v. | : | |
| JON S. CORZINE, et al., | : | OPINION AND ORDER DENYING APPOINTMENT OF PRO BONO COUNSEL |
| Defendants. | : | |

This matter having been opened before the Court upon motion by pro se Plaintiff ("Plaintiff"), proceeding in forma pauperis, to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [Docket Entry No. 32]; and Plaintiff being presently incarcerated at the New Jersey Special Treatment Annex; and Plaintiff complaining that Defendants have retaliated against him for filing this claim [Docket Entry No. 32]; and the Court finding that there is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); and the Court further finding that under Tabron, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can retain and afford counsel on his or her own behalf, Parham, supra, 126 F.3d at 457-58 (citing Tabron, supra, 6 F.3d at 155-57, 157 n.5); and

the Court further finding that other factors, such as "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation[,]" must also be considered when deciding a motion for pro bono counsel, Christy v. Robinson, 216 F. Supp. 2d 398, 408 n.20 (D.N.J. 2002) (citing Tabron, supra, 6 F.3d at 157) (internal citations omitted); and for the purposes of this application only, the Court assumes that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim; and the Court finding that Plaintiff has demonstrated the ability to file a complaint with an accompanying application to proceed in forma pauperis, an amended complaint, a motion to quash, a motion for reconsideration of the Court's ruling on summary judgment and a motion for pro bono counsel [Docket Entry Nos. 1, 4, 18, 25, 32]; and the Court further finding that Plaintiff has failed to demonstrate that the legal issues in the instant action are complex and has failed to argue that expert testimony will be required in the instant action; and the Court finding that Plaintiff may reapply for pro bono counsel or the Court may appoint one sua sponte if it becomes necessary; and the Court having also considered the lack of funding to pay appointed counsel, the increasing number of prisoner federal civil rights actions filed, and the limited supply of competent lawyers willing to do pro bono work, see Christy, supra, 216 F. Supp. 2d at 408 n.20 (citing Tabron, supra, 6 F.3d at 157); and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and for good cause shown,

  **IT IS** on this **4th** day of **May, 2010**,

  **ORDERED** that Plaintiff's motion for pro bono counsel [Docket Entry No. 32] be and it hereby is **DENIED WITHOUT PREJUDICE**.

           **LOIS H. GOODMAN**
           **UNITED STATES MAGISTRATE JUDGE**